FILED'11 MAR 06 11:04USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRAIG HEGRENES,                                    Civ No. 10-422-AA

       Plaintiff,                                  OPINION AND ORDER

     v.

MGC MORTGAGE, INC., a Texas
corporation; and LNV
CORPORATION, a Nevada
corporation,

       Defendant.

────────────────────────────

Terrance J. Slominski
David W. Venables
7150 SW Hampton, Suite 201
Tigard, OR 97223
    Attorneys for plaintiff

William L. Larkins, Jr.
Cody Hoesly
Larkins Vacura, LLP
621 SW Morrison St., Suite 1450
Portland, OR  97205
    Attorneys for defendants

AIKEN, Chief Judge:

    Plaintiff filed suit seeking rescission of a residential loan

1 - OPINION AND ORDER

agreement based on the lender's alleged failure ,to provide plaintiff with two copies of a "Notice of Right to Cancel" form in violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq. Defendants move for summary judgment on plaintiff's claims, arguing that plaintiff presents no credible evidence to rebut plaintiff's signed acknowledgment that he received such notice. Defendants' motion is granted.

FACTS

In January 2007, plaintiff refinanced his home through a loan with United Financial Mortgage Corp. On January 25, 2007 plaintiff signed the loan agreement and the deed of trust at the office of Pacific Northwest Title of Oregon, Inc. (Pacific Title). During the closing process, it was standard practice at Pacific Title to have the borrower sign all the loan documents and to give the borrower a complete copy of the entire loan file to take home, including all of the documents which the borrower had signed.

Four Notices of Right to Cancel (Notices) are contained in plaintiff's loan file produced by Pacific Title, and all four Notices contain a signed statement at the bottom acknowledging that plaintiff had received them. On all four Notices, the signature appears immediately above the words "CRAIG A. HEGRENES" and the signature is dated "1-25-07." The Notices are standard forms stating that the borrower has the right to cancel the transaction within three days from: 1) the date of the transaction, 2) the date

2 - OPINION AND ORDER

of the TILA disclosures, or 3) the date of receipt of the Notice. Hoesly Decl., Ex. F. Defendants have copies of the four Notices of Right to Cancel signed by plaintiff in their own loan file as well. Plaintiff now admits that he signed the documents on January 25, 2007. Hegrenes Decl., ¶ 3.

Pacific Title and defendants also possess copies of the Truth-in-Lending Disclosure Statements which contain signed and dated acknowledgments of receipt by plaintiff on January 25, 2007. Hoesly Decl., Ex. F. Plaintiff asserts that he signed a revised disclosure statement on January 29, 2007. Hegrenes Decl., Ex. 4.

In July 2007, United Financial Mortgage Corp. filed for bankruptcy. In September 2008 defendant MGC Mortgage., Inc. (MGC) became the loan servicer for plaintiff's loan, and in January 2009 defendant LNV Corporation acquired United Financial Mortgage Corp.'s interest in the loan.

On or about January 22, 2010, plaintiff mailed MGC a notice of rescission and attempted to rescind his loan.

On April 16, 2010, plaintiff filed suit in this court. In his complaint, plaintiff alleges that defendants failed to deliver "any copies of the notice of the right to rescind," and, therefore, plaintiff had three years from the date of the loan to exercise his right of rescission. Compl., p. 3.

## STANDARD

Summary judgment is appropriate "if the pleadings, the

3 - OPINION AND ORDER

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

The court must resolve all reasonable doubts as to the existence of issues of material fact against the moving party and construe all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630. However, the Ninth Circuit has refused to find a genuine issue of fact where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

4 - OPINION AND ORDER

DISCUSSION

In his Complaint, plaintiff alleges that he did not receive any copies of the Notices, and therefore his rescission rights did not expire until late January 2010, three years after consummation of his loan transaction.   See 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23. Defendants move for summary judgment on the ground that plaintiff can present no credible evidence of non-receipt of the Notice and therefore, in light of his signed acknowledgment of receipt, plaintiff's claim fails as a matter of law.

The purpose of the TILA is to give consumers "meaningful disclosure of credit terms" and conditions and to "encourage the informed use of credit." See 15 U.S.C. § 1601(a).   Further, the TILA allows borrowers to rescind certain consumer credit transactions in which a security interest is acquired in property used as the borrower's principal dwelling.  15 U.S.C. § 1635(a). Thus, in addition to disclosure of the borrow's obligations under the transactions, creditors must "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1).

Borrowers may seek rescission of the loan transaction "until midnight of the third business day" after 1) consummation of the transaction, 2) delivery of the required documents and material disclosures, or 3) receipt of the notice of the right to rescind, whichever event occurs later.   15 U.S.C. § 1635(a). "If the

required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation [of the transaction]." 12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1635(f).

A borrower's written acknowledgment of receiving notice of the right to rescind creates "a rebuttable presumption of delivery." 15 U.S.C. § 1635(c). To rebut this presumption, borrowers must present evidence of non-receipt. See Williams v. First Gov't Mortg. & Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000) (presumption of delivery requires borrower to come forward with evidence to meet presumption).

Here, plaintiff presents no evidence to rebut the presumption of delivery. Rather, plaintiff admits that on January 25, 2007, he signed "multiple Notice of Right to Cancel." Hegrenes Decl., ¶ 3. The Notices provide:

> You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:
>
> 1. the date of the transaction, which is JANUARY 25, 2007; or
> 2. the date you receive your Truth in Lending disclosures; or
> 3. the date you receive this notice of your right to cancel.

Hoesly Decl., Ex. F, p. 2. The Notices further provide that "[i]f you cancel by mail or telegram, you must send the notice no later than midnight of 1/29/07 (or midnight of the third business day following the latest of the three events listed above.)" Id. Thus,

6 - OPINION AND ORDER

the Notices identify the third business day after the transaction as January 29, 2007 and again advise plaintiff that his right to cancel expires three business days after the transaction <u>or</u> the latest of the events enumerated.

All four Notices contain plaintiff's initials next to both dates, and all of the Notices contain plaintiff's signature and the date of "1/25/07" under the "ACKNOWLEDGMENT OF RECEIPT" which states that "EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL."   <u>Id.</u>

Notably, in his Declaration plaintiff does not assert non-receipt of the Notices.   Instead, plaintiff admits that he signed and dated the Notices, Hegrenes Decl., ¶ 3, and also that he "was given loan documents and took them home."  Hoesly Decl., Ex. C., p. 1.  While plaintiff admits that he "believe[s]" he "received some" copies of loan documents, plaintiff asserts that he "has been unable to locate his original loan file."  Hegrenes Decl., ¶ 13. I find that plaintiff's inability to find his set of copies does not rebut the presumption that he received copies of the Notice of Right to Cancel as evidence by his signed acknowledgment of receipt on January 25, 2007.   <u>See</u> <u>Jackson v. New Century Mortg. Corp.</u>, 320 F. Supp. 2d 608, 611-12 (E.D. Mich. 2004) (evidence that the plaintiffs were "unable to identify with any certainty which documents they received at closing" held insufficient to rebut

7 - OPINION AND ORDER

presumption created by signed acknowledgment of receipt); <u>Deutsche Bank Nat'l Trust Co. v. Lacapria</u>, 2010 WL 715617, at *4 (D. N.J. Mar. 1, 2010) (borrowers' testimony that they did not remember receiving rescission notices and disclosure statements held "insufficient to rebut this presumption"); <u>Diana I Am v. Nat'l City Mortg. Co.</u>, 2010 WL 571936, at *5 (D. Haw. Feb. 17, 2010) (after the plaintiff asserted under penalty of perjury that rescission notices were presented to her during closing, later testimony that she was uncertain whether she received such notices "doom[ed] any attempt to overcome the presumption of receipt").

In response to defendant's motion, plaintiff asserts a new claim that the Notice is deficient because it contains the incorrect date on which his right of rescission expired. According to plaintiff, he returned to Pacific Title on January 29, 2007 to sign new copies of his loan application and disclosure statements to correct mistakes in the stated closing costs. Plaintiff maintains that because new disclosure forms and other documents were signed, his loan transaction "consummated" on January 29, 2007, and the dates identified in the Notice as the transaction, "JANUARY 25, 2007," and three days after the transaction, "1-29-07," were incorrect and in violation of the TILA.

Notably, plaintiff did not allege this theory or the facts supporting it in his Complaint, even though plaintiff asserts that he was in possession of copies of his loan file in early 2009, over

8 - OPINION AND ORDER

one year before he filed suit against defendants.  See Hegrenes Decl., ¶ 14.  In their reply, defendants argue that the court should not consider such allegations, given that they are untimely, prejudicial, and futile.  Plaintiff now seeks leave to amend his complaint.[1]

I am not inclined to grant such leave on grounds of undue delay and prejudice, particularly in light of the fact that plaintiff admittedly possessed the loan documents underlying his new allegations in early 2009, well before he filed suit.  Hegrenes Decl., ¶ 14.  Even if I considered plaintiff's amendments, I find them futile.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

Plaintiff offers no authority or evidence that his loan transaction did not consummate on January 25, 2007. Even though plaintiff may have signed revised disclosure statements on January 29, 2007, the fact remains that he signed the loan agreement and deed of trust on January 25, 2007 and thus became contractually obligated on the loan.  12 C.F.R. § 226.2(a)(13).  I find that the dates on the Notices correctly indicate the date of the loan transaction and three days thereafter.  Regardless, the Notices clearly state that plaintiff's right to rescind expires three days after the loan transaction, the date he received disclosure

_____

[1]Although plaintiff complains of confusing disclosure statements in his response to defendants' motion, he does not seek to amend his complaint to allege a cause of action on such grounds. Therefore, I do not consider these allegations.

9 - OPINION AND ORDER

statements, or the date he received the Notice, whichever occurs later.    Therefore, I find that the Notices accurately informed plaintiff of his right of rescission.    Accordingly, defendants' motion for summary judgment is granted.

Defendants also move for sanctions pursuant to Federal Rule of Civil Procedure 11.  Defendants maintain that plaintiff and counsel were notified of the deficiencies in the Complaint and failed to correct or investigate them, and then altered the theory of plaintiff's case after defendants moved for summary judgment.

I can appreciate defendants' position and agree that plaintiff changed his theory only after defendants moved for summary judgment.    Although a close question, I cannot find that plaintiff's Complaint was so legally and factually baseless as to warrant sanctions, see Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002), given plaintiff's apparent and initial assertion that he did not receive copies of the Notices (an assertion not repeated in his Declaration) and caselaw finding that a borrower's testimony of non-receipt can create a question of material fact.  Jobe v. Argent Mortg. Co., LLC, 2008 WL 450432, at *4 (M.D. Pa. Feb. 15, 2008) (citing cases).

///

///

///

///

10 - OPINION AND ORDER

CONCLUSION

Defendants' motion for summary judgment (doc. 16) is GRANTED, defendants' Motion for Rule 11 Sanctions (doc. 30) is DENIED, and plaintiff's Motion for Leave to File Amended Complaint (doc. 39) is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of March, 2011.

_____
Ann Aiken
United States District Judge

11 - OPINION AND ORDER